21381

C. W. BELLAMY, individually and on behalf of all Persons Owning Property in the Oak Park Section, Myrtle Beach, South Carolina and the Myrtle Heights—Oak Park Property Owners Association, Respondents, v. G. Franklin LOVETTE and Fred Paul Norman, Appellants.

(274 S. E. (2d) 426)

*William H. Townsend* and *R. Howard Grubbs, of Mc-Kay, Sherrill, Walker & Townsend,* Columbia, *for appellants.*

*Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for respondents.*

January 21, 1981.

LITTLEJOHN, Justice:

This action was brought by plaintiffs C. W. Bellamy, individually and on behalf of other real estate property owners in the Oak Park Subdivision at Myrtle Beach, and the Myrtle Heights-Oak Park Property Owners Association. The defendants are G. Franklin Lovette, owner/lessor of a house

and lot in the subdivision, and Dr. Fred Paul Norman, the lessee of the premises. The complaint seeks an injunction to stop the defendants from using the property for other than residential purposes. The lower court granted the injunction. The defendants appeal. We affirm.

In 1972, defendant Lovette bought the house and lot subject to restrictions which read in part as follows:

"This property shall only be used for residential purposes." A uniform scheme of development exists within the entire subdivision since this same covenant applies to each of the lots.

Subsequently, Lovette leased the premises to Dr. Norman and both then began developing the house for use as Dr. Normans home and medical offices. They were soon thereafter notified by the local homeowners association of the above restrictive covenants, but chose to continue their project.

Dr. Norman has now practiced medicine from the house for almost two years. It is undisputed that he sees approximately 25 to 30 patients a day and employs five persons on a full-time basis. In addition, he operates an aerobics health-oriented organization from his residence.

The sole question submitted to this court on appeal, as taken from the appellants' brief, is as follows:

"Does a physician, by practicing medicine out of his home, violate a restrictive covenant designating the property's use to residential purposes only?"

We agree with the lower court, which held:

"The use of the property as testified to by Dr. Norman is clearly commercial in nature and likewise clearly in violation of the restrictive covenant applicable to the property . . ."

The basic argument of counsel before this court was to the effect that the doctor's business is that of a profession as

contrasted with a trade. Whether the business of the doctor be termed a trade or a profession is of little consequence. In interpreting the restriction, we take into consideration the evil it was designed to eliminate, namely the encroachment of commercial activities. There can be no doubt but that the doctor is using the property for purposes other than residing. It is being used for the commercial purpose of earning money, and it is no less obnoxious to the neighborhood than if he were repairing radios or shoes. Appellants cite no persuasive authority in substantiation of the position they take, and we are aware of none.

The order of the lower court granting the injunction is

Affirmed.

LEWIS, C. J., and NESS, GRERORY and HARWELL, JJ., concur.